FILED by [signature] D.C.
FEB 0 8 2016
STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | | |
|---|---|---|
| JOSEPH DARIO KAMER,<br>PETITIONER, | § | |
| | § | |
| vV? | § | CASE NO. 1:13-cr-20608-FAM-1 |
| | § | |
| UNITED STATES OF AMERICA,<br>RESPONDANT. | § | |

---

**BRIEF IN SUPPORT OF MOTION UNDER 28 U.S.C. §2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

---

COMES NOW, Joseph Dario Kamer (hereinafter referred to as "Petitioner"), and files this Brief in Support of Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, and states as follows:

**EXCUSABLE ERROR ANALYSIS**

Petitioner is a layman at law, therefore as a pro se litigant, he invokes the excusable error analysis of Haines v. Kerner, 404 U.S. 519 (1972), where this Court is required to hold Petitioner's pleadings to a less-stringent standard than motions drafted by a lawyer. See also Erickson v. Pardus, 551 U.S. 89, 94, 124 S.Ct. 2197, 167 L.Ed. 2d 1081 (2007).

## STATEMENT OF THE FACTS

1. Between August 17, 2013 and September 16, 2013, the Petitioner went to the office of the defense counsel, Antonio Tomas to talk to him concerning his case. Petitioner advised his counsel that he destroyed a Toshiba computer and tried to erase images on the Dell computer but couldn't because the system would not allow him to. Also, that during the interrogation at the F.B.I. office, an F.B.I. officer read Petitioner his rights and when asked about them, Petitioner said, "I think I need one." Petitioner was referring to a lawyer at the time he said that. Counsel Antonio Tomas advised Petitioner that he will see what he can do.

2. Between August 17, 2013 and September 16, 2013, Petitioner went to counsel Antonio Tomas's office for the second time to talk to him concerning his case. Counsel Antonio Tomas advised Petitioner to proceed by submitting a guilty plea. Petitioner again advised counsel Tomas about the computer images being destroyed and the F.B.I. interrogation and advised him that Petitioner wanted a suppression hearing.

3. Counsel Antonio Tomas failed to file a suppression motion for the suppression of the statements made to the F.B.I..

4. Petitioner advised counsel Tomas before the guilty plea proceeding that he did not understand what the charges meant. Counsel Tomas faild to explain the charges to Petitioner. See Exhibit "A".

5. Petitioner's family called counsel Tomas and counsel Andrew Kawel with Petitioner present during a conferance call. Petitioner's family and Petitioner advised both counsel Tomas and counsel Kawel that Petitioner want to appeal his issues. Both counsel Tomas and counsel Kawel agreed to do so.

6. Both counsel Tomas and counsel Kawel faild to argue Petitioner's issue. Petitioner found this out when he received a copy of the Appeal Brief.

## ISSUE 1

### THE CONVICTION AND SENTENCE ARE UNCONSTITUTIONAL BECAUSE PETITIONER'S GUILTY PLEA WAS UNKNOWINGLY AND UNVOLUNTARILY A VIOLATION OF DUE PROCESS AS GUARANTEED BY THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION

The conviction of an incompetent person violates due process. United States v. Masthers, 539 F.2d 721, 725 (D.C. Cir. 1976). The Court must determine that the defendant understands the nature of the charges to which the plea is offered. Rule 11(c)(1). Monroe v. United States, 463 F.2d 1032, 1035 (5th Cir. 1972). See also McCarthy, 394 U.S. 459 (personally addressing defendant on understanding essential elements of charge is necessary prerequisite to finding that he understands meaning of charge.) The court must also determine that the plea is made voluntarily. Rule 11(d). The Court's inquiry into voluntariness requires consideration of "the totality of circumstances," including "the complexity of the charges, the personal characteristics of the defendant, the defendant's familiarity with the criminal justice system, and the factual basis proffered to support the court's acceptance of plea." (Linda) Johnson v. United States, 631 F. 2d 871, 875 (D.C. 1993) (quoting McClurkin, 472 F.2d at 1356).

A. District Court violated Petitioner's due process when it failed to ensure Petitioner understood the nature of the charges at the guilty plea proceedings.

Petitioner asserts that the District Court failed to inform Petitioner the nature of the charges. Even after the prosecutor read the indictment the Petitioner stated on record, "I don't know what it means." See

Plea Colloquy Proceeding transcript, page 6. The District Court expressed that the Petitioner looked at his lawyer and was hesitant. The record does not support that the District Court explained the nature of the charges. See United States v. Brandel-Mena, (2006, CA11, Fla.) 177 Fed. Appx. 929, cert. den. (2006), 549 U.S. 922, 127 S.Ct. 280, 166 L.Ed. 2d 214; United States v. Quinones, (1996, CA 11 Fla.), 97 F.3d 473, 10 FLW Fed. C. 478. Monroe v. United States (1972, CA 5 Fla.), 463 F.2d 1032. United States v. Brown (1997, CA 11 Ga) 117 F.3d 471, 11 FLW Fed C 212. Althought the government read the factual basis it was insufficient to satisfy the requirement that the Petitioner understand the nature of the charge. See United States v. Lujano-Perez (2001, CA5 Tex) 274 F.3d 219.

The Supreme Court in Broce (1989) holds that "since guilty plea is more than a cofession that admits the accused did various acts, but is admission that accused committed crime charged by him, so that by entering guilty plea accused is not simply stating that he did acts described in indictment but is admitting guilty of substantive crime, defendant must be instructed in open court on nature of charge to which plea is offered, and plea cannot be truly voluntary unless defendant possesses understanding of law in relation of facts."

Petitioner could not raise this issue on direct appeal because appellant counsel was ineffective. Petitioner spoke with appeallant counsel and told him to research the agreement about the guilty plea and that Petitioner wanted to argue it on appeal. The appellant counsel advised Petitioner that it would be viewed under plain error and agreed to put it on appeal. The appellant counsel failed to raise the issue on appeal. United States v. Reinhart, 357 F.3d 521 (2004); Strickland

v. Washington, 466 U.S. 668, 687, 80 L.Ed. 2d 674, 104 S.Ct. 2052 (1984).

Petitioner would not have pled guilty and would have insisted on going to trial because under §2252(c) in an affirmative defense, Petitioner told defense counsel many times he destroyed the computers. See Sentencing Transcripts and Exhibit "A", Petitioner's Affidavit. Had the District Court explained the nature of the charges to the Petitioner, the Petitioner could have insisted his counsel argue a possible defense. The possession charge, §2252(4)(B) would have been aquitted.

**ISSUE 2**

**THE CONVICTION IS UNCONSTITUTIONAL BECAUSE PETITIONER DID NOT RECEIVE EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE FIFTH AND SIXTH AMENDMENTS OF THE UNITED STATES CONSTITUTION**

Claims of ineffective assistance of counsel in criminal cases are evaluated under a two-prong test set forth in Strickland v. Washington, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052, 2064-74, 80 L.Ed. 2d 674 (1984), and its progeny. "To succeed on any claim of ineffective assistance of counsel, a defendant must show that: (1) the attorney's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that except for the attorney's unprofessional errors, the results of the proceeding would have been different." Vines v. United States, 28 F.3d 1123, 1127 (11th Cir. 1994) (citing Strickland supra). In the plea bargaining context, a petitioner seeking to establish ineffective assistance of counsel must demonstrate that: (1) counsel's advice and performance fell below an objective standard of reasonableness; and (2) the petitioner would not have pled guilty and would have insisted on going to trial in absence of his attorney's errors. Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S.Ct. 366, 370-71, 88 L.Ed. 2d 203 (1985).

In Hill, 474 U.S. at 59, the Court explained that: In many guilty

cases, the "prejudice" inquiry would closely resemble the inquiry engaged in, by courts reviewing ineffective assistance challenges to convicitions obtained through a trial. For example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed teh outcome of a trial. Similarly, where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the "prejudice" inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial. Id.

In this case, trial counsel's several errors and omissions which amounted to performance at a level below the acceptable objective standard of reasonableness for defense counsel in a criminal case. Petitioner asserts the following errors as grounds for relief:

B. Guilty plea was not knowing or voluntary because counsel was ineffective for failing to advise Petitioner on the nature of the charges and failing to advise on a potential affirmative defense.

Petitioner asserts that defense counsel provided constitutionally ineffective assistance of counsel for: (1) failing to advise Petitioner on the nature of charges; and (2) failing to advise Petitioner on a potential affirmative defense. See Padilla v. Kentucky, 130 S.Ct. 1473, 176 L.Ed. 2d 284 (2010) and Bauder v. Dep't. of Corr., 619 F.3d 1272 (11th Cir. 2010).

Petitioner advised counsel many times before the plea hearing that he destroyed the images on both computers and that he does not

know what the charges meant. See Exhibit "A", Petitioner's Affidavit. Counsel's failure to learn the facts and familiarize himself with the law in relation to the plea constitutes ineffective assistance and renders the guilty plea invalid. See Scott v. Wainwright, 698 F.2d 427, 429-30 (11th Cir. 1983); Herring v. Estelle, 491 F.2d 125, 127-128 (5th Cir. 1974); United States v. Espinoza, 866 F.2d 1067, 1069 (9th Cir. 1988). Counsel did however mention in sentencing that Petitioner did destroy a computer. See Sentencing Transcript page 10. Under 18 U.S.C. §2252(c), it states, "shall be an affirmative defense...defendant possessed less than three matters...took reasonable steps to destroy each such visual depiction. Petitioner had two matters (computers) and there was evidence to show that Petitioner had destroyed such images.

Had counsel advised Petitioner on nature of charges and on an affirmative defense, Petitioner would have proceeded to trial and preserved his rights. Count 1 of possession would have been aquitted along with Count 2. Thus prejudice has been shown under Strickland.

C. Counsel was ineffective for failing to object to the guideline enhancements.

Petitioner asserts that counsel was ineffective for failing to object to the P.S.R. improperly double counting 2G2.2(b)(2) and (b)(6).

See United v. Dudley, 463 F.3d 1221, 1226-27 (11th Cir. 2006). We prsume that separate guidelines sections apply cummlatively "unless specifically directed otherwise." Id. at 1227 (internal quotation marks omitted). Both counts of the indictment allege that Petitioner violated 2252 "by any means, including by computer." Since use of a computer is an element of the offenses, and included in the 2G2.2 base offense level, the Court purportedly erred increasing 2G2.2(b)(6). See United States v.

Artello, 562 Fed. Appx. 822 (11th Cir. 2014. See also United States v. Roman Rojas, Southern District of Florida (2014). United States v. Baldwin, No. 13-163-cr-(2nd Cir. 2014). Count 1, 2252(4)(b) and (b)(1). (b)(1) alleges that Petitioner had any visual depiction...involved... a minor...not attained 12 years of age. (b)(1) is an element of the offenses and included in the 2G2.2 base offense level.

During the plea hearing the government guideline range was 121-151 months, offense level 32. If the government went through what the guideline points were, the government did not add 2G2.2(b)(6). See Plea Colloguy page 20. Had counsel objected to the P.S.R. double counting 2G2.2(b)(6) and (b)(2), Petitioner's sentencing range would have been 97-121 months to 121-151 months as opposed to the 180 months he received as a result of counsel's error. Thus, prejudice has been shown under Strickland. See Glover v. United States, 531 U.S. 198, 203, 121 S.Ct. 696, 148 L.Ed. 2d 602 (2001); United States v. Chase, 499 F.3d 1061, 1068 (9th Cir. 2007); Alaniz v. United States, 351 F.3d 365, 368 (8th Cir. 2003) (concluding that an error increasing a defendant's sentence by as little as six months can be prejudicial within the meaning of Strickland.) In the present case, Petitioner's sentence was increased from 97-120 months to 180 months.

## CONCLUSION

WHEREFORE, based on the above, Joseph Kamer urges this Court to vacate the conviction and sentence on the claims raised in Issue A and B. Alternatively, schedule this case for an evidentiary hearing to resolve the factual disputes and appoint counsel. Petitioner moves to be resentenced based on the claim raised in Issue C to the low end of the guideline range of 97 to 120 months.

Respectfully submitted on this 3 day of February 2016.

Joseph Kamer
Pro-Se

CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing was sent via U.S. Mail, postage pre-paid, this 3 day of February, 2016, to:

U.S. Department of Justice
United States Attorney
99 N.E. 4th Street
Miami, FL 33132
Respondant

Joseph Kamer

EXHIBIT "A"

# AFFIDAVIT OF JOSEPH D. KAMER

I, Joseph D. Kamer depose and state that the following facts are true and correct under penalty of perjury to wit:

1. I, Joseph D. Kamer, state that on or between August 17, 2013 to September 16, 2013, I was on bond. During that time I went to meet with my Defense Counsel, Ayuban Antonio Tomas to discuss my case. I told Mr. Tomas that I tried to destroy the images on both computers, but only destroyed the Toshiba computer physically. I told him that the Dell computer had some private information on it and when I tried to destroy the images I couldn't do so because the computer didn't allow me to delete them. And when I was able to delete a few of them they came back on in different files. I also told Mr. Tomas that during the interragation at the F.B.I. office, I was read my rights and when the F.B.I. agent asked me about if I understood about the right to a lawyer, I said "I think I need one." Mr. Tomas said he will see what he can do. That was my first meeting with Mr. Tomas.

2. The second time I met with Mr. Tomas he told me to plea out. I ask him about the computer issues and the statements and he said: "The judge is tough. He hates dealing with him and the prosecutors have evidence against you." I told Mr. Tomas to at least try to do something. Mr. Tomas said he would see.

3. The day before the plea hearing, Mr. Tomas met with me at F.D.C. Miami, to discuss the plea proceeding and told me to say yes or that I understood to every question placed to me at the upcoming hearing. I, again, told Mr. Tomas that I destroyed the computer and tried to delete the images. Also, that the F.B.I. has the computers to show it was destroyed and also my internet history. That would show that I was looking for lawyers for help, but a lot of personal injury lawyers kept coming up. I expressed that I wasn't sure about the charges. Mr. Tomas just kept saying that the government had enough evidence against me.

4. After sentencing, my family hired my appellant lawyer, Mr. Andrew Kewel. Mr. Tomas and Mr. Kewel worked together on my appeal. During April or May of 2014, I had a phone conferance with my mother, Claudia, my father, Peter, Mr. Kewel and Mr. Tomas. During that phone conferance I explicity stated to both lawyers, "I want to challenge my plea agreement. I did my research and under 18 U.S.C. §2252(c), I had an affirmative defense. I said I didn't know what the charges meant. I am paying for this appeal." Mr. Tomas said that the argument is not strong and let them handle it because this case is difficult. I told both lawyers to put my arguments in the appeal and both agreed to.

5. Months later my appeal was denied and my arguments were never included in the appeal.

I, Joseph D. Kamer, declare under penalty of perjury, pursuant to 28 U.S.C. §1746, that the above stated facts are true and correct to the best of my recollection.

Excuted on January 20, 2016.

Joseph D. Kamer